# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

S. RENEE ZEBELMAN,

  Plaintiff,

  v.

THE STATE OF WASHINGTON, et al.,

  Defendants.

Case No. C08-1222-MJP

ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendants' two motions for summary judgment. (Dkt. Nos. 33, 36). Having reviewed the papers and pleadings submitted by the parties, noting the absence of a response from Plaintiff, the Court GRANTS Defendants' motions and DISMISSES the Complaint with prejudice.

**Background**

In 1998, Renee Zebelman ("Plaintiff") was involved in an acrimonious dissolution of her marriage to Scott Eskenazi, which involved a custody battle over her two children. (Complaint ¶ 3.1). Residents of Mercer Island, Washington, Plaintiff and Eskenazi accused each other of abuse. (Id. at ¶¶ 3.23-3.24). In particular, Eskenazi reported an allegation that Plaintiff abused their eldest child to the Mercer Island Police Department ("MIPD") in 1999. This allegation led to an investigation by police and the filing of charges against Plaintiff. The Department of Social and Health Services ("DSHS") also began an investigation into the

ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT- 1

abuse allegations and ultimately its Child Protective Services ("CPS") division issued a found finding of abuse against Plaintiff in 1999. Plaintiff now sues four individuals, the MIPD, the State of Washington ("State"), and DSHS under 42 U.S.C. § 1983 for a variety of alleged violations of her constitutional rights.

Plaintiff's scattershot complaint is difficult to decipher in its particulars. Plaintiff appears to allege that Defendant Michael Wenndorf, a CPS social worker, conducted an "improper, illegal, and/or negligent investigation of allegations of child abuse or neglect." (Compl. ¶ 3.2). Plaintiff alleges that Defendant Wenndorf, Sheree Andrews, a DSHS employee and Wenndorf's supervisor, and Officers Marcroft and Burns of the MIPD "violated plaintiff's civil and constitutional rights under color of law in pursuit of the investigation of abuse charges against plaintiff, and also committed numerous acts of negligence that resulted in the destruction . . ." of Plaintiff's family. (Id. ¶ 3.12). Plaintiff sues the State, DSHS, and the MIPD under a theory of vicarious liability, respondeat superior, and failure to supervise and train the individually named defendants. (Id. at ¶¶ 4.2-4.5).

The relevant facts are limited. In early August, 1999 Defendant Burns of the MIPD began investigating allegations that Plaintiff had abused her 10-year-old son by sitting on his chest and hitting him in the head and face. (Compl. ¶ 3.15; Bucklin Decl. at 11). A previous restraining order from November 5, 1998, barred Plaintiff from engaging in any corporal punishment of her children. (Smith Decl. Ex. 29). As a result of this investigation, Plaintiff was arraigned in King County District Court on August 19, 1999, and charged with one count of violating the 1998 restraining order. (Id. at 8). The charges were ultimately dismissed in March 27, 2000, after Plaintiff struck a deal with the prosecutor. (Id. at 10).

As part of his investigation, Defendant Burns referred the abuse allegations to CPS, and Defendant Wenndorf was assigned to lead the investigation on August 5, 1999. Defendant Wenndorf interviewed Plaintiff's two sons and Eskenazi, and took testimony confirming the allegation of abuse. (Wenndorf Decl. Ex. 2 at 3). Defendant Wenndorf also

met with Plaintiff on August 8, 1999, and advised her of the CPS investigation. (Wenndorf Decl. Ex. 2 at 4).

During this same time period, Eskenazi sought a protective order to bar Plaintiff from having contact with her eldest son. Defendant Wenndorf attended and testified at a two-week protective order hearing that started on September 14, 1999. (Wenndorf Decl. Ex. 2 at 2). Plaintiff was present with her attorney. (Id.). On September 15, 1999, Defendant Wenndorf's supervisor issued a "Founded Abuse/Neglect" finding based on Defendant Wenndorf's investigation. (Smith Decl. Ex. 4). Plaintiff did not receive proper notice of the finding, although it was not apparently relied on in the issuance of the protective order.

In 2000, Plaintiff and Eskenazi were engaged in further proceedings regarding child custody. In a declaration filed by Plaintiff on March 5, 2000, she accused Defendant Wenndorf of conspiring with Eskenazi to paint an unfair portrait of her. (Smith Decl. Ex. 6 at 2). Specifically, Plaintiff stated:

> The CPS Officer testified about things Scott [Eskenazi] had told him, and held it against me that I could not speak with him freely due to the then-pending criminal charge. He misconstrued my words, and painted a terrible picture of me. Scott can be thanked for much of that, as in reviewing the CPS reports, much of what they misconstrued was the same information which Scott misconstrued, or mis-stated for them. The CPS investigation has been completed, and is over, although I am sure that Scott will try to bring it up, and include any portion of it that harms in his materials.

(Id. (emphasis in original)). In a response, Eskenazi filed a declaration stating:

> The CPS officer (Michael Wenndorf) based his finding that Renee assaulted our son on his interviews with our children and with [our son's] therapist. It is unfortunate that Renee continues to suggest that the findings of abuse in this case where based upon statements which CPS and others "misconstrued."

(Smith Decl. Ex. 7 at 2).

In 2005, Plaintiff moved to set aside the found finding of abuse from CPS issued in 1999, on the basis that it was improperly served. Plaintiff alleged that she only became aware

ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT- 3

of the found finding in early June 2005. (Smith Decl. Ex. 5 at 2). An Administrative Law Judge granted the relief requested on December 15, 2005, setting aside the found finding for failure to provide adequate notice. (Smith Decl. Ex. 3 at 4). On July 21, 2008, Plaintiff filed her complaint against Defendants, who now move for summary judgment, primarily on the basis that Plaintiff's claims are barred by the statute of limitations.

**Analysis**

A.  Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those "that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255. Given Plaintiff's failure to respond to Defendants' motions, Local Rule 7(b)(2) instructs that "failure may be considered by the Court as an admission that the motion has merit."

B.  Improper Parties

Plaintiff cannot maintain § 1983 claims against the State and DSHS, a state agency. Will v. Mich. Dep't of State Police, 491 U.S. 58, 63 (1989); Howlett v. Rose, 496 U.S. 356, 377 (1990) (holding that arms of the state cannot be sued under § 1983). Because municipalities are considered "persons" under § 1983, Plaintiff may pursue § 1983 claims against the MIPD. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). The Court dismisses Plaintiff's claims against the State and DSHS—they are not proper parties to this action.

C.   Statute of Limitations

Defendants contend that Plaintiff failed to file her civil rights complaint in a timely manner. The Court agrees.

In a § 1983 claim, the Court determines the relevant statute of limitations by using the forum state's statute of limitations for personal injury claims. Johnson v. State of Cal., 207 F.3d 650, 653 (9th Cir. 2000). In Washington, a party has three years to bring a personal injury claim. RCW 4.16.080(2). The date the claim accrues is a matter of federal law. Wallace v. Kato, 549 U.S. 384, 388 (2007). Under federal law, it is the "standard rule that [accrual occurs] when the plaintiff has a 'complete and present cause of action.'" Id. (quoting Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferber Corp. of Cal., 522 U.S. 192, 201 (1997) (quotation omitted)). "[A] claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

Plaintiff's claims against defendants Burns, Marcroft, and the MIPD expired in 2002. Plaintiff appears to accuse these defendants of "negligent investigation . . . [and] using coercive, abusive, improper and illegal interview and investigative techniques to create false and unreliable evidence against plaintiff, including withholding, ignoring, destroying, or twisting exculpatory information. . . ." (Compl. ¶ 4.5). Plaintiff knew or had reason to know of such purportedly improper acts in 1999 when she was investigated and arrested. (Bucklin Decl. at 8). That the found finding was dismissed in 2005 does not obviate the fact that she knew or had reason to know that the police investigation was improper in 1999.

Plaintiff's claims against Defendants Wenndorf and Andrews are similarly infirm. The undisputed evidence shows that in August, 1999, Plaintiff heard Defendant Wenndorf's testimony regarding his investigation and findings. (Wenndorf Decl. Ex. 2 at 9). Plaintiff's own declaration filed on March 5, 2000 demonstrates her knowledge of and disagreement with Defendant Wenndorf's investigation: he "misconstrued my words." (Smith Decl. Ex. 6

at 2). Plaintiff also disclosed that she had "review[ed] the CPS reports" in 2000. (Id.). Plaintiff had actual knowledge of any purportedly negligent or improper conduct by Defendant Wenndorf as of 2000, at the latest. The statute of limitations on her claims against these individual defendants expired in 2003, well before Plaintiff filed her complaint in July, 2008.

That the found finding was declared invalid in 2005 does not contradict the evidence that Plaintiff knew of Defendants' allegedly improper acts in 1999 and 2000. These acts form the basis of Plaintiff's complaint, not the existence of or Plaintiff's knowledge of the found finding. To the extent that her Complaint involves the found finding, Plaintiff's own declaration shows that she knew of the CPS's report and finding in 2000 and did not file the present action until 2008. Plaintiff's § 1983 claims are time barred.

**Conclusion**

Section 1983 does not permit Plaintiff to pursue claims against the State and DSHS. Plaintiff's remaining § 1983 claims are barred by the statute of limitations. The Court GRANTS Defendants' motions and DISMISSES this action with prejudice.

The Clerk is directed to send a copy of this order to all pro se parties and counsel of record.

DATED this 12th day of October, 2009.

Marsha J. Pechman
United States District Judge